The STATE of Ohio, Appellee,

v.

BLACK, Appellant.

[Cite as *State v. Black* (1991), 75 Ohio App.3d 667.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–900329, C–900330, C–900331 and C–900332.

Decided Aug. 21, 1991—Reconsideration Granted Sept. 25, 1991.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *Stephen J. Wenke,* for appellee,

*H. Fred Hoefle,* for appellant.

---

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, Ohio, Juvenile Division, the briefs and the arguments of counsel.

The defendant-appellant, Donald L. Black, was found guilty of four charges of contributing to the unruliness of a child, under R.C. 2919.24, following a jury trial in the Hamilton County Court of Common Pleas, Juvenile Division. The trial court denied the defendant's motion for a new trial and granted a stay of execution of the sentence pending this appeal. For the reasons that follow, we reverse the judgments of the trial court and, in C–900329, C–900330 and C–900331, remand this case for further proceedings in accordance with law. We discharge the defendant from further prosecution in C–900332.

The defendant was employed as a teacher at the Millcreek Psychiatric Center for Children, a facility for emotionally disturbed children. Lesley Brock, a thirteen-year-old girl, was a patient at the facility and a student of the defendant. Although some facts are disputed, the defendant concedes

that on four separate occasions he kept Brock after class and engaged in various sexual acts with her.

Brock was transferred to the United Methodist Children's Home in Columbus, Ohio. She told personnel there what had occurred and gave them cards, letters and pictures that the defendant had given her. The defendant was terminated following an administrative hearing held on October 23, 1989, in which he denied the accusations against him.

■ In his second, and most compelling, assignment of error, the defendant asserts that the trial court committed plain error by improperly instructing the jury on the correct definition of "beyond a reasonable doubt." The fourth assignment of error contends that the defendant was denied effective assistance of trial counsel because counsel failed to object to the improper instruction. Because we find that the fourth assigned error is subsumed in the second assignment, we will discuss them together.

R.C. 2901.05(D) defines "reasonable doubt" as follows:

" 'Reasonable doubt' is present when the jurors, after they have carefully considered and compared all the evidence, cannot say they are firmly convinced of the truth of the charge. It is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt. 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs."

The trial court gave a markedly different definition.

"Now reasonable doubt is defined as follows: It is not a mere possible doubt, because everything relating to human affairs or depending upon evidence is open to some possible or imaginary doubt. It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that state that they cannot say—you cannot say that you feel an abiding conviction amounting to a moral certainty of the truth of the charge. In other words, you are convinced beyond a reasonable doubt that you have looked at all of the evidence, compared it, considered it, weighed it carefully."

The last sentence of the given definition is particularly significant to us because it serves to tie reasonable doubt to how thoroughly the jurors examined the evidence and not to how well the state had met its burden of proof. The idea that a defendant is presumed innocent until his guilt is established beyond a reasonable doubt is the very cornerstone of our criminal justice system. It is, by design, a difficult standard to meet, and any charge

to the jury which lessens the standard or which leaves the jury uncertain as to what the standard is or how it is to be applied is not acceptable.

■ The state argues that the defendant did not object to the instruction at trial and, therefore, any objection now is waived. However, we hold that the jury instruction concerning reasonable doubt constitutes plain error. Plain error is reversible error not objected to at trial which, if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings and would substantially prejudice the defendant. *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 24 O.O.3d 316, 436 N.E.2d 1001; *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144; *State v. Craft* (1977), 52 Ohio App.2d 1, 6 O.O.3d 1, 367 N.E.2d 1221.

For the reasons outlined above, we sustain the defendant's second and fourth assignments of error. Although this alone is sufficient to reverse the judgment of the court below, we now, pursuant to App.R. 12(A), address the remaining assignments of error.

■ In his first assignment of error, the defendant argues that the trial court erred by admitting testimony from Peter Steele, the defendant's supervisor, that the defendant was dismissed following the administrative hearing which was prompted by the criminal charges brought against him. Steele testified that as a result of the fact-finding hearing, a decision was made to remove the defendant from employment. There is no indication in the record as to how the actual decision to terminate him was made or what standard of proof, if any, was applied.

The Ohio Supreme Court, in *State v. Snyder* (1952), 157 Ohio St. 15, 47 O.O. 24, 104 N.E.2d 169, has held that a judgment in a civil action is not admissible in a criminal trial to establish the facts essential to a conviction of the offense charged. The reasons behind such a rule are fundamental. In a criminal trial, the burden of proof rests solely on the state, and the standard of proof required is beyond a reasonable doubt. The defendant need not produce anything to establish his innocence. He is presumed to be innocent until the state overcomes that presumption with proof beyond a reasonable doubt of his guilt.

Although the record does not make certain what criteria and standards were in place to review the claims against the defendant at the hearing in which he was terminated, we know that a civil proceeding, such as an administrative hearing, is not governed by the rigid standards of a criminal proceeding.

In addition, we hold that the evidence of the defendant's dismissal at the hearing was not relevant, as defined by Evid.R. 401, because it did not tend to make the existence of a consequential fact more or less probable than it would

have been if such evidence had been excluded. In other words, the fact that the defendant was terminated following an administrative hearing did not tend to prove or disprove any facts concerning the criminal charges against him. Furthermore, the admission of such evidence had a prejudicial effect that clearly outweighed its probative value. The jury was likely to believe that another body had already determined that the defendant had done what he was accused of, and that otherwise he would not have been fired from his job.

We hold that the trial court erred in admitting testimony concerning the defendant's termination from his employment and, therefore, sustain the first assignment of error.

█ In his sixth assignment of error, the defendant argues that the trial court erred in denying the defendant's Crim.R. 29 motion for acquittal and in entering judgment on one of the four complaints because that complaint did not state an offense against him. The seventh assignment of error asserts that the trial court erred in answering the jury's question as to the definition of "sexual relations" and in permitting the jury to render a guilty verdict on the count in question.

Three of the complaints against the defendant alleged that he contributed to Brock's unruliness by engaging in sexual contact with her. The fourth complaint substituted the term "sexual relations" for sexual contact. The term "sexual relations" is not a legal term and has no statutory definition. During the jury's deliberations, the jury inquired of the court, "What is the difference between sexual relations and sexual contact?"

The trial judge stated to the jury the definitions of sexual contact and sexual conduct. He then explained that "sexual relations" is not a legal term and proceeded to read the complaint containing that term to the jury in its entirety. He then told the jury, "I'm going to depend upon your judgment as jurors and your understanding of the terms. * * * Now it's in your court at this time. All right?"

Crim.R. 29 requires a court to grant a defendant's motion for acquittal where the evidence is insufficient to sustain a conviction of the offense charged. In this case, the complaint does not state an offense. Furthermore, the state made no attempt to move the court to amend the complaint in question.

Consequently, we hold that the trial court erred in overruling the defendant's motion for acquittal on the count in C–900332, in instructing the jury to create its own definition of the term "sexual relations" and in allowing the jury to render a guilty verdict on that count. We, therefore, sustain the sixth

and seventh assignments of error and discharge the defendant as to the charge involved in C–900332.

■ In the defendant's eighth assigned error, he argues that the trial court erred by overruling his motion for discovery of the victim's chart. In conjunction with that assignment of error, the ninth assignment of error asserts that the trial court erred in denying the defendant's motion for a new trial on the grounds that his motion for discovery had been denied.

The defendant argues that, at the very least, the trial court should have inspected the victim's chart *in camera* to determine if it contained any material relevant to the defendant's guilt and, if so, allowed the defendant access to that material. We agree.

The United States Supreme Court, in *Pennsylvania v. Ritchie* (1987), 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40, looked at this issue in a factually similar case involving the rape of a thirteen-year-old girl by her father who, in preparation for trial, attempted to obtain the girl's records from a social service agency for children. He was denied access and convicted. The court held that, while the defendant could not be given unlimited, unsupervised access to the confidential records he sought, the interest of insuring a fair trial did require that the records be submitted to the trial court for an *in camera* review and that the defendant be given access to those portions which were necessary for his defense.

In the case before us, we hold that the trial court should have held an *in camera* inspection of Brock's medical records to determine if anything contained therein would have been useful to the defendant in his defense. Because such a determination was not made, the trial court did not have an appropriate basis for denying the defendant's motion for discovery and demand for a new trial, and to this limited extent the defendants eighth and ninth assignments of error are well taken.

■ The defendant's fifth assignment of error alleges that the trial court erred by imposing four consecutive six-month sentences and maximum fines, in violation of R.C. 2929.41.

R.C. 2929.41(E)(3) provides that consecutive terms of imprisonment to be imposed for misdemeanors shall not exceed an aggregate term of eighteen months. The defendant's sentence totalled twenty-four months. We hold that it was error for the trial court to impose a sentence which exceeds the sentencing guidelines of R.C. 2929.41(E)(3) and sustain the defendant's fifth assignment of error.

The defendant's third assignment of error asserts that the trial court committed plain error by permitting the prosecutor to make an improper and

prejudicial argument to the jury. The defendant argues, specifically, that the prosecution attempted to shift the burden of proof to him to establish his innocence.

To determine whether remarks made during closing arguments by a prosecutor violate a defendant's due process rights, a two-part analysis is used: (1) Were the prosecutor's remarks improper? and (2), if so, were the defendant's substantial rights affected? *State v. Lott* (1990), 51 Ohio St.3d 160, 555 N.E.2d 293; *State v. Spencer* (May 15, 1991), Hamilton App. No. C–900008, unreported, 1991 WL 81661.

The prosecutor commented that the defendant could have brought in his own handwriting expert (to rebut the testimony of the state's expert) but he did not. The state did not say the defendant was required to produce an expert to rebut. Rather, the prosecutor was merely suggesting that it would have added credibility to the defendant's denials that he wrote the cards and letters in question to Brock.

At the beginning of his closing argument, the prosecutor told the jury that the state carried the burden of proof. In his instructions to the jury, the trial court also made it clear that it was the state's burden to prove all the essential elements of the crimes charged.

A prosecutor is generally given wide latitude to comment in his closing argument, but may not intentionally mislead the jury. *Spencer, supra.* After a complete review of the closing arguments of the prosecutor, we are not persuaded that the comments made to the jury were improper or attempted to shift the burden to the defendant to establish his innocence. Because we hold that the prosecutor's remarks were proper, we, consequently, find no plain error in the trial court's failure to strike such comments. The defendant's third assignment of error is overruled.

For the reasons discussed above, the judgments of the trial court are reversed, and, in C–900329, C–900330 and C–900331, the cause is remanded for further proceedings in accordance with law. In C–900332, the defendant is discharged from further prosecution.

*Judgment accordingly.*

SHANNON, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.