Defendant-appellant, Martha A. Williams ("Williams"), appeals her conviction in the Area II Butler County Court for driving under the influence ("DUI") in violation of Oxford Codified Ordinance 333.01. We affirm.
On July 7, 1997, at approximately 11:45 p.m., Officer Lara Fening of the Oxford Police Department observed Williams leaving the Church Street Station Tavern on East Church Street in Oxford, Ohio, in front of which Williams' Toyota pickup truck was parked. Williams pulled out and proceeded eastbound from the parking spot, and Officer Fening had to apply the brakes of her cruiser to prevent a collision. Williams traveled left of center, across double yellow lines, for almost seventy-five feet.
Williams then properly stopped at a stop sign and turned onto North Campus Avenue. She traveled southbound in the northbound lane for the entire block. Officer Fening also observed Williams swerve on two occasions and almost strike the curb. Officer Fening called for another vehicle to make the stop because she had a juvenile prisoner in her back seat.
Officer Greg Moore, also of the Oxford Police Department, responded and followed Williams' vehicle for two blocks; one block behind Officer Fening and one block directly behind Williams. When Williams began to turn into a United Dairy Farmers store parking lot, Officer Moore turned on his overhead lights, and Williams stopped her car across the parking space dividers.
Officer Moore approached Williams' vehicle and detected an odor of alcohol. Williams had difficulty in finding her license upon request and admitted having one drink. Officer Moore had Williams exit her vehicle to perform three field sobriety tests, the horizontal gaze nystagmus ("HGN") test, the walk-and-turn test, and the one-leg stand test. Williams failed all three tests. Officer Moore subsequently arrested Williams for driving under the influence and for failure to travel in marked lanes.
Williams was taken to the Oxford Police Station where she was read the implied consent form. Williams, however, refused to take any blood alcohol tests. Williams was then formally charged with DUI and failure to travel in marked lanes.
On July 28, 1997, Williams filed a motion to suppress, which the trial court denied on July 30, 1997. A jury trial commenced on October 7, 1997. At the close of the evidence, Williams was convicted of DUI and sentenced accordingly. Williams timely appeals and presents two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE DEFENDANT, WHEN POLICE WERE [SIC] PERMITTED TO TESTIFY, OVER OBJECTION, REGARDING EYE GAZE NYSTAGMUS RESULTS IN AN IMPAIRMENT CASE.
In her first assignment of error, Williams argues that the trial court erred by allowing Officer Moore to testify regarding the results of the HGN test. Williams claims that the HGN test is a scientific test, and, therefore, expert testimony is required to establish that a failed HGN test is relevant to a determination of whether a person is driving under the influence of alcohol.
In State v. Bresson (1990), 51 Ohio St.3d 123, the Ohio Supreme Court held that expert testimony regarding the reliability and acceptance of HGN tests is not required in order to admit the results of an HGN test into evidence. Id. at syllabus. See, also, State v. Webber (Jan. 20, 1998), Butler App. No. CA96-03-059, unreported; State v. Taggart (June 2, 1997), Butler App. No. CA96-09-175, unreported, motion for stay of execution of sentence denied (1997), 79 Ohio St.3d 1489, appeal dismissed (1997), 80 Ohio St.3d 1422. In Bresson, the supreme court held:
 [A] properly qualified [police] officer may testify at trial regarding a driver's performance on the HGN test as to the issues of probable cause to arrest and whether the driver was operating a vehicle while under the influence of alcohol.
Bresson at syllabus. Results of an HGN test are admissible if the proper foundation is shown both as to the officer's training and ability to administer the test and as to the actual technique used in administering the test. Id. at 128.
The holding in Bresson impliedly contradicts appellant's claim that the HGN test is a scientific test. See State v. Scott (1992), 79 Ohio App.3d 77, 80, fn. 1 (finding that "the Bresson court did not directly rule upon the question of whether the HGN test is to be considered as a `scientific' test, although the court's holding implies that it is not."). In its holding, the Bresson court found that admission of the results of an HGN test "is no different from any other field sobriety test, such as finger-to-nose, walk-and-turn, or one-leg stand." Bresson,51 Ohio St.3d at 129. When allowing HGN test results into evidence, the court must consider whether the state produced an adequate foundation for the evidentiary reliability of the HGN test in the particular case, not whether the state provided sufficient proof of the test's scientific reliability. Id. at 127-28.
In the present case, Officer Moore testified that he was trained and certified in 1991 to conduct an HGN test and that he was again certified in 1997 at the Ohio State Highway Academy. Officer Moore also testified that failure of the HGN test, in conjunction with other field sobriety tests, is an indication that the blood alcohol concentration ("BAC") of the person tested is above the legal limit, but that the test does not determine the driver's actual BAC. Officer Moore further testified as to the technique he used in conducting appellant's HGN test.
The trial court has broad discretion in admitting the results of HGN tests, and will be overturned only upon a finding that it abused its discretion. Bresson, 51 Ohio St.3d at 129. We cannot say that the trial court abused its discretion in allowing Officer Moore to testify as to the HGN test. Officer Moore testified only that the HGN test was an indication that Williams' BAC was above the legal limit. Officer Moore did not testify that Williams had a specific BAC. Accord, id., syllabus.
We therefore find that the trial court properly admitted evidence relating to the results of Williams' HGN test. Williams' first assignment of error is overruled.
Assignment of Error No. 2:
 THIS CAUSE SHOULD BE REVERSED BASED ON REPEATED EXAMPLES OF PROSECUTORIAL MISCONDUCT.
In her second assignment of error, Williams argues that the prosecution misrepresented the evidence presented and argued evidence not in the record. Williams further contends that the trial court acquiesced in alleged misconduct by the prosecution.
The test for prosecutorial misconduct is whether the remarks made by the prosecution were improper and, if so, whether they prejudicially affected substantial rights of the accused. State v. White (1998), 82 Ohio St.3d 16, 22, rehearing/reconsideration denied (1998), 82 Ohio St.3d 1469, 1470; State v. Smith (1984),14 Ohio St.3d 13, 14. Even if a prosecutor's statements during closing arguments are improper, reversal based upon those statements is warranted "only if [they] `permeate the entire atmosphere of the trial.'" State v. Tumbleson (1995), 105 Ohio App.3d 693,699, quoting United States v. Warner (C.A. 6, 1992),955 F.2d 441, 456, certiorari denied (1992), 505 U.S. 1227,112 S.Ct. 3050. In reviewing the record, it must be remembered that both the defense and prosecution are given wide latitude in their arguments "`as to what the evidence has shown and what reasonable inferences may be drawn therefrom.'" Tumbleson,105 Ohio App.3d at 699, quoting State v. Lott (1990), 51 Ohio St.3d 160, 165.
Williams first asserts that the prosecutor repeatedly made references to Williams crossing a double yellow line, even though there was not any testimony to that effect. However, Officer Fening specifically stated that she observed Williams cross over the double yellow line on East Church Street and drive on the wrong side of the road for approximately seventy-five feet.
Williams also claims that the prosecution misrepresented the evidence concerning the field sobriety tests. Williams argues that the prosecution stated that instructions for the walk-and-turn test were given more than once, and that Williams could not maintain her balance during the one-leg stand. The testimony of Officer Moore supported these remarks by the prosecution. Officer Moore testified that he had to give instructions on the walk-and-turn twice because Williams began walking before instructions were finished the first time. Officer Moore also testified that Williams attempted the one-leg-stand three times, but was unable to maintain her balance each time.
Last, Williams argues that the prosecution improperly implied that the defense was attempting to mislead the jury by objecting to improper conduct by the prosecution. Williams does not cite a single reference to such comments, and, after reviewing the record, we cannot discern any such comments.
We find that the prosecution did not make any improper remarks or engage in any misconduct in opening or closing arguments. Williams' second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.