The STATE of Ohio, Appellee,

v.

TUMBLESON, Appellant.

[Cite as *State v. Tumbleson* (1995), 105 Ohio App.3d 693.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA94–10–078.

Decided Aug. 14, 1995.

694

*Donald W. White,* Clermont County Prosecuting Attorney, and *David H. Hoffmann,* Assistant Prosecuting Attorney, for appellee.

*Fessler, Wright & Schneider* and *Timothy E. Schneider,* for appellant.

POWELL, Judge.

Defendant-appellant, Donald Tumbleson, appeals his convictions on two counts of aggravated robbery in violation of R.C. 2911.01(A)(1).

On September 7, 1993, two business establishments located in Clermont County, Ohio, were robbed. Between 5:00 and 6:30 p.m., a man entered Cory's Carryout, on Route 133, and demanded money. The perpetrator covered part of his face with white material and was wearing a red shirt with a Converse logo on it. The perpetrator received an undisclosed amount of money, ran out of the store and fled in a Nissan Maxima driven by another person.

Later that day, between 9:15 and 10:00 p.m., a man entered the Felicity General Store and demanded money. The perpetrator covered part of his face with white material. The perpetrator received approximately $1,000 and ran out of the store.

During their investigation, police talked with several witnesses who placed appellant and Brett Kendle at the scene of both robberies. .David Sturgill testified that he talked with appellant outside the Felicity General Store shortly before 10:00 p.m. on the night of the robbery and that appellant told him that he and Kendle had just robbed a store and were going to rob another one. Sturgill also testified that appellant walked into the Felicity General Store, brought out a

pack of cigarettes and said, "This ought to be easier than the other one." Robert Wilburn testified that he saw appellant in a parked vehicle near the Felicity General Store and overheard appellant discussing involvement in the recent robbery of a store on Route 133.

In the early morning hours of September 8, 1993, Sergeant Payne of the Clermont County Sheriff's Department stopped a vehicle that fit the description of the one involved in the Cory's Carryout robbery when it made an illegal U-turn. A search of the vehicle produced a white cloth and a purse containing a bag of money. Appellant was the driver of the vehicle and Kendle was identified as the vehicle's owner. Charlene Hinkle was a passenger in the car and owner of the purse containing the bag of money found by police. Hinkle testified that appellant told her that he had robbed the Felicity General Store and, with her consent, placed the bag of money in Hinkle's purse.

Appellant and Kendle were arrested for committing the two robberies. On September 15, 1993, appellant was indicted on two counts of aggravated robbery. At trial, Kendle testified that he and appellant were both responsible for the robberies. Appellant testified that he was in a highly intoxicated state during the robberies resulting from the consumption of large quantities of drugs and alcohol and that he did not commit the robberies. After a jury trial, appellant was found guilty of two counts of aggravated robbery and was sentenced accordingly.

From these convictions, appellant now appeals setting forth the following assignments of error:

"Assignment of Error No. 1:

"The trial court erred as a matter of law in instructing the jury that they could find the appellant guilty with regard to the complicity statute when he was only charged as a principal actor.

"Assignment of Error No. 2:

"The trial court erred as a matter of law in reading to the jury an accomplice testimony instruction which did not substantially comply with R.C. 2923.03(D).

"Assignment of Error No. 3:

"The trial court erred as a matter of law by not sustaining objections during the prosecutor's closing remarks.

"Assignment of Error No. 4:

"The verdict of the trial court was against the manifest weight of the evidence."

In his first assignment of error, appellant contends that the trial court erred in instructing the jury that appellant could be found guilty of complicity to commit aggravated robbery when appellant was only charged as a principal actor.

Appellant argues that the state violated Crim.R. 7(D) when it amended its indictment from aggravated robbery as a principal actor to aggravated robbery as an accomplice under R.C. 2923.03.

It is well settled that "the prosecution may charge and try an aider and abettor as a principal and if the evidence at trial reasonably indicates that the defendant was an aider and abettor rather than a principal offender, a jury instruction regarding complicity may be given." *State v. Wagers* (Sept. 20, 1993), Butler App. No. CA92–11–231, unreported, 1993 WL 369240; *Hill v. Perini* (C.A.6, 1986), 788 F.2d 406, 408, certiorari denied (1986), 479 U.S. 934, 107 S.Ct. 409, 93 L.Ed.2d 361.

R.C. 2923.03(F) provides that an accomplice to the commission of an offense shall be prosecuted and punished as if he were a principal offender. This court has previously determined that "[t]he clear and unambiguous language of R.C. 2923.03(F) states that a charge of complicity may be stated in terms of the complicity statute, R.C. 2923.03, or in terms of the principal offense." *Wagers, supra; State v. Ensman* (1991), 77 Ohio App.3d 701, 705, 603 N.E.2d 303, 305.

A review of the record indicates that the trial court properly instructed the jury that appellant could be found guilty of complicity to aggravated robbery. It is inconsequential that appellant was actually indicted and prosecuted for the principal offense of aggravated robbery rather than under the complicity statute. R.C. 2923.03(F); *Wagers, supra.*

In addition, Crim.R. 7(D) allows the court to amend an indictment at any time before, during or after trial as long as no change is made in the name or identity of the crime charged. In this case, appellant was indicted for aggravated robbery as a principal offender but the court advised the jury that he could be found guilty of complicity to commit aggravated robbery. The name and identity of the crime charged, aggravated robbery, did not change. Therefore, we find no violation of Crim.R. 7(D). Accordingly, appellant's first assignment of error is overruled.

In his second assignment of error, appellant contends that the trial court erred in reading to the jury an accomplice testimony instruction which did not substantially comply with R.C. 2923.03(D).

R.C. 2923.03(D) provides that if an alleged accomplice testifies against a defendant in a case, the court shall charge the jury substantially as follows:

"The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.

"It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth."

With respect to the accomplice testimony heard by the jury, the trial court instructed the jury as follows:

"You have also heard the testimony from one Brett Kendle, another person who pleaded guilty to the same crime charged in this case, and who was said to be an accomplice. An accomplice is one who purposely, knowingly assists or joins another in the commission of a crime. Whether Brett Kendle was an accomplice and the weight to be given to his testimony are matters for you to determine. Testimony of a person who you find to be an accomplice should be viewed with grave suspicion and weighed with great caution."

The trial court's instruction employed a standard jury instruction for the testimony of an accomplice from the Ohio Jury Instructions. See 4 Ohio Jury Instructions (1994) 44–45, Section 405.41, alternative number one. The particular instruction as used by the trial court in this case informed the jury that the testimony of an accomplice should be viewed with suspicion and weighed with caution. Such an instruction has been held to substantially comply with R.C. 2923.03(D). *State v. Adams* (Feb. 26, 1992), Wayne App. No. 2621, unreported, 1992 WL 36156. Accordingly, appellant's second assignment of error is overruled.

■ In his third assignment of error, appellant contends that the trial court erred by not sustaining defense counsel's objections made during the state's closing argument. Essentially, appellant argues that he was denied a fair trial as a result of prosecutorial misconduct. Appellant argues that the following comments made by the prosecutor were improper:

"MR. PETTRY [prosecuting attorney]: Brett Kendle, let's talk about Brett Kendle right off the bat. Brett Kendle was convicted of, in fact, three very serious crimes and you will see that. You are going to have an opportunity—Mr. Rosenhoffer entered into evidence a judgment entry sentencing Brett Kendle, which Brett Kendle came in here and did something that the Defendant is unwilling to do in this case.

"Now, I would never in any way try to take away and obviously have no power to take away, but I would never criticize anybody for exercising their right to trial. I want to make sure Mr. Tumbleson gets a fair day in court. Part of the reason I am a prosecutor and part of the reason I say that is because I like to do the right thing and work with attorneys—

"MR. ROSENHOFFER [defense counsel]: Objection, social justice argument.

"THE COURT: Overruled at this point.

"MR. PETTRY: I'm not criticizing Mr. Tumbleson for coming in here and making the State of Ohio, through the witnesses, prove this case beyond a reasonable doubt, which is the same right that you and I would have if we were charged with a crime. But Mr. Kendle came in here, and you will see the court documents, December 7, 1993, and accepted responsibility for what happened and pled guilty to aggravated robbery, which is exactly what the Defendant is charged with in this case.

"* * *

"MR. PETTRY: Here's the individual [referring to appellant] that benefits from the—what I think is a rather generous plea of a dismissal 4 or 5 felony counts two years ago in that case who didn't have to testify, didn't have to cooperate, didn't have to do anything to get a plea bargain. The plea given to Brett was the dismissal of the firearm spec and dismissal of one count of felonious assault, but he also pled guilty to felonious assault."

Appellant contends that these remarks are improper because they imply that Kendle acted properly by pleading guilty to the crimes charged and appellant acted improperly by exercising his right to trial. Appellant also argues that the prosecutor improperly made reference to appellant's earlier convictions.

The relevant inquiry an appellate court must apply when reviewing a claim of prosecutorial misconduct is whether the prosecutor's remarks were indeed improper, and if so, whether a substantial right of the accused was adversely affected. *State v. Lott* (1990), 51 Ohio St.3d 160, 165, 555 N.E.2d 293, 299; *State v. Black* (1991), 75 Ohio App.3d 667, 674, 600 N.E.2d 389, 393. In order to determine whether a prosecutor's remarks are prejudicial to the accused, the entire closing argument must be reviewed. *State v. Keenan* (1993), 66 Ohio St.3d 402, 410, 613 N.E.2d 203, 209. Both the prosecution and defense have wide latitude in closing arguments "as to what the evidence has shown and what reasonable inferences may be drawn therefrom." *Lott, supra.* Even if a prosecutor's statements are improper, reversal for prosecutorial misconduct is warranted only if it "permeates the entire atmosphere of the trial." *United States v. Warner* (C.A.6, 1992), 955 F.2d 441, 456, certiorari denied (1992), 505 U.S. 1227, 112 S.Ct. 3050, 120 L.Ed.2d 917.

After a careful review of the prosecutor's closing argument, we find that the remarks in question are improper. See *State v. Durr* (1991), 58 Ohio St.3d 86, 95, 568 N.E.2d 674, 683, certiorari denied (1991), 502 U.S. 912, 112 S.Ct. 310, 116 L.Ed.2d 252 (prosecutor's statement commenting on defendant's prior convictions was improper). The prosecutor's statements concerning Kendle's plea of guilty and acceptance of responsibility for the same crimes for which appellant had been

charged implied that appellant acted improperly by exercising his right to a jury trial. But, cf., *Warner, supra,* 955 F.2d at 456–457 (prosecutor's statement that codefendant who pled guilty admitted she was wrong and that defendant was trying to tell the jury that she didn't do anything wrong was not improper comment on defendant's right not to testify).

■ However, based upon our review of the record, we find that the prosecutor's comments did not adversely affect any of appellant's substantial rights. The trial court properly instructed the jury that counsel's closing arguments were not to be considered evidence in the case. The prosecutor's comments were an "isolated incident in an otherwise properly tried case." *Keenan,* 66 Ohio St.3d at 410, 613 N.E.2d at 209. While the prosecutor's comments may not have been the best choice of words, it is implausible that the jury determined its verdict based upon these isolated remarks. *State v. Campbell* (1994), 69 Ohio St.3d 38, 51, 630 N.E.2d 339, 351, certiorari denied (1994), 513 U.S. ——, 115 S.Ct. 289, 130 L.Ed.2d 204.

■ Moreover, the record indicates that appellant failed to object to the prosecutor's comments at trial. Appellant objected based upon a "social justice argument" but failed to object to the prosecutor's comments which are now claimed to have been improper. As appellant failed to object to the prosecutor's allegedly improper comments at trial, pursuant to Crim.R. 52(B), the comments must rise to the level of plain error before this court can reverse appellant's convictions. *State v. Lovins* (May 8, 1995), Butler App. No. CA94–10–192, unreported, 1995 WL 264881. Prosecutorial misconduct rises to the level of plain error if it is clear the defendant would not have been convicted in the absence of the improper comments. *State v. Slagle* (1992), 65 Ohio St.3d 597, 606, 605 N.E.2d 916, 926, certiorari denied (1993), 510 U.S. ——, 114 S.Ct. 106, 126 L.Ed.2d 72; *State v. Johnson* (1989), 46 Ohio St.3d 96, 102, 545 N.E.2d 636, 642, certiorari denied (1990), 494 U.S. 1039, 110 S.Ct. 1504, 108 L.Ed.2d 639.

We find that there was sufficient evidence presented at trial to support appellant's convictions for aggravated robbery in the absence of the comments made by the prosecutor during closing argument. The record contains no evidence that appellant's substantial rights were materially prejudiced by the prosecutor's remarks during closing arguments. Appellant's third assignment of error is overruled.

■ In his fourth assignment of error, appellant contends that the verdict was against the manifest weight of the evidence. Appellant argues that the average and reasonable trier of fact could not have found him guilty beyond a reasonable doubt based upon the evidence presented at trial.

■ An appellate court is required to view the evidence in a light most favorable to the prosecution and to decide "whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503. See, also, *State v. Eley* (1978), 56 Ohio St.2d 169, 172, 10 O.O.3d 340, 341, 383 N.E.2d 132, 134. Therefore, a jury verdict will not be disturbed on appeal if the reviewing court determines that reasonable minds could arrive at the conclusion reached by the jury. *Jenks, supra.*

The record indicates that several witnesses placed appellant and Kendle at the scene of both robberies. Several witnesses testified that appellant told them that he had been involved in both robberies. Kendle testified concerning appellant's participation in the crimes as well. Kendle testified that while he actually went inside the stores and demanded money, appellant served as the getaway driver and shared in the proceeds of the robberies.

Based upon a review of the record before us, we find that the state presented substantial, credible evidence which would allow a reasonable trier of fact to find appellant guilty of complicity to aggravated robbery. Appellant's fourth assignment of error is overruled.

*Judgment affirmed.*

WALSH, P.J., and KOEHLER, J., concur.