OPINION
Defendant-appellant, Martin Ward Smith, appeals his conviction in the Clermont County Municipal Court for driving while under the influence of alcohol ("DUI"). We affirm the decision of the trial court.
Following the investigation of a traffic accident in which appellant's vehicle was rear-ended by another vehicle, appellant was charged with DUI under R.C. 4511.19(A)(1) and (3). Appellant filed a motion to suppress. In his motion to suppress, appellant contended that the stop, detention, and arrest were improper. Appellant argued that statements he made while in the custody of law enforcement as well his breath test result should be suppressed. After a hearing, the trial court overruled appellant's motion to suppress.
At the conclusion of a jury trial, appellant was found guilty of violating R.C. 4511.19(A)(3). Appellant moved for acquittal, arguing that his breath test had been improperly administered and that he had been unduly prejudiced by prosecutorial misconduct during closing argument. The trial court overruled the motion for acquittal. Appellant appeals, presenting two assignments of error:
Assignment of Error No. 1:
 AN APPELLATE COURT MAY REVERSE AND REMAND A VERDICT WHERE A TRIAL COURT HAS FAILED TO MAINTAIN A RECORD OF PROCEEDINGS AS REQUIRED BY LAW AND LOCAL RULES.
In his first assignment of error, appellant argues that because the trial court failed to make an entire record of the proceedings, this court should reverse and remand the case. Appellant states that if the record were complete, he would challenge the admissibility of the result of the breath test at trial and would argue that he suffered from cumulative error.
The transcript before this court is incomplete. Apparently, the first of two audiotapes of the trial was lost before it could be transcribed. The transcript consists of a portion of the cross-examination and the full re-direct examination of the trooper who arrested appellant for DUI and administered appellant's breath test. The transcript also contains closing arguments.
App.R. 9 designates a duty to the appellant to order a transcript of the trial court proceedings from the court reporter. The appellant is also responsible for transmitting the transcript, as part of the record on appeal, to the clerk of the court of appeals. App.R. 10. Pursuant to App.R. 9(C), when a transcript is unavailable, the appellant "may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." This statement is then served upon the appellee, who may make objections or suggest amendments to the statement. App.R. 9(C). The statement and any objections or suggested amendments are then submitted to the trial court for settlement and approval, and the settled and approved statement is included as part of the record on appeal. Id. Alternatively, the parties could have agreed upon a statement of the case and, after receiving approval from the trial court, included it in the record on appeal. App.R. 9(D).
Appellant cites State v. Jones (1994), 71 Ohio St.3d 293, for the proposition that if a defendant does not cause the non-production of the record, then the absence of the record may require reversal of the conviction. However, Jones is distinguishable from the case before us. In Jones, the defendant submitted an App.R. 9(C) statement to the trial court for settlement and approval, and the trial court refused to settle the record. In the case sub judice, there is no indication that appellant submitted a statement of the record for the trial court's settlement and approval.
Appellant has not provided this court with an alternative record to review pursuant to App.R. 9 and Loc.R. 10(B) that recreates the missing testimony. "In the absence of an attempt to reconstruct the substance of the remarks and demonstrate prejudice, the error may be considered waived." State v. Jells (1990),53 Ohio St.3d 22, 32, quoting State v. Brewer (1990),48 Ohio St.3d 50, 60-61.
We will, however, review the portion of the transcript that has been filed as part of the record on appeal. During cross-examination and re-direct examination, the trooper testified that he observed "cars scatter" on the highway and drove to investigate. Upon arriving on the scene at about 12:22 a.m., the trooper spoke with appellant, who said that he had been involved in an accident. The trooper testified that he detected an odor of alcohol and appellant admitted to consuming some alcohol. Appellant was asked to perform field sobriety tests. Based on his observations of appellant and appellant's performance on the field sobriety tests, the trooper formed the opinion that appellant was intoxicated. The trooper took appellant and the driver of the other car involved in the accident to a nearby patrol post. After observing appellant and the other driver for a twenty minute period, appellant took a breath test at approximately 1:33 a.m. Reviewing the portion of the transcript that is part of the record, we find that the breath test result is admissible and that there was no cumulative error.
We also note that appellant challenged the admissibility of his breath test result in his motion to suppress. After giving appellant's arguments due consideration, the trial court denied appellant's motion to suppress. The first assignment of error is overruled.
Assignment of Error No. 2:
 A CASE MAY BE REVERSED AND THE ACCUSED DISCHARGED DUE TO PROSECUTORIAL MISCONDUCT WHERE AN IMPROPER ARGUMENT IS EMPLOYED.
In his second assignment of error, appellant contends that he was unfairly prejudiced by certain remarks made by the prosecutor during closing argument.
The test for prosecutorial misconduct is whether remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused. State v. Smith (2000),87 Ohio St.3d 424, 442. The focus of the analysis "is the fairness of the trial, not the culpability of the prosecutor." Id., quoting Smithv. Phillips (1982), 455 U.S. 209, 219, 102 S.Ct. 940, 947. A court must review the entire closing argument when determining whether a prosecutor's remarks are prejudicial to the accused.State v. Tumbleson (1995), 105 Ohio App.3d 693, 699, citing Statev. Keenan (1993), 66 Ohio St.3d 402, 410. In closing argument, both the prosecution and defense have considerable latitude "as to what the evidence has shown and what reasonable inferences may be drawn therefrom." Tumbleson at 699, quoting State v. Lott (1990),51 Ohio St.3d 160, 165. The prosecutor's conduct will warrant a new trial only if such conduct deprives the defendant of a fair trial. Keenan at 405, citing State v. Apanovitch (1987), 33 Ohio St.3d 19,24.
To understand the prosecutor's remarks in this case, we must consider the context of the entire closing argument. During closing argument, appellant's counsel made the following statements:
 MR. ROSENHOFFER: There are some things that I think are horribly important that we can't leave at the door. And this isn't a common sense case. Common sense tells you that Martin Ward Smith is a victim. That's what common sense should tell you. He didn't ask to be put in this position, he didn't want to be put in this position, and he was not impaired and not functioning as an impaired driver when someone came along and cracked him in the butt at 65-miles-an-hour. Now, it happened that he'd been out, he'd had a few beers for a birthday. It happened that he was in the wrong place at the wrong time. That's what common sense should tell you.
During closing argument, the prosecutor made the following remarks:
 MR. TEKULVE: You hear a lot of things in closing arguments, some that surprise you, some that offend you, and one thing that I heard that offended me a short time ago is that this person is a victim. Someone driving along and gets rear-ended is a participant or a party to an automobile crash. It's happened to some of your number. I think the victim cry is all gone once the alcohol is detected. We don't have many victims driving around, testing .114. Those are what we call defendants. Those are violators of the law. Those are not victims. Had the other fellow not been under the influence of DUI as well, he might have deserved some sort of commendation for getting a drunk driver off the road. But he is not a victim.
MR. ROSENHOFFER: Objection.
 MR. TEKULVE: He is not a victim. Was he in the wrong?
THE COURT: Hold on a second.
MR. ROSENHOFFER: Inappropriate argument.
MR. TEKULVE: Was he in the wrong?
 THE COURT: Hold on a second. The commendation for striking someone in the rear, ladies and gentlemen, give whatever weight you believe that is appropriate to that type of comment. Is that what your objection goes to?
MR. ROSENHOFFER: Certainly.
THE COURT: Go ahead, Mr. Tekulve.
 MR. TEKULVE: I don't ask for them to give I just made a suggestion. Was he in the wrong place at the wrong time? Well, whenever you get rear-ended, I guess you're in the wrong place at the wrong time. But he was not only in the wrong place at the wrong time, he was under the influence of alcohol. He can't be heard to complain that he had nothing to do with it.
Reviewing the closing arguments, it is clear that the prosecutor's statements were made in response to the defense's argument that appellant was a "victim" in this incident rather than a culpable party who should be prosecuted for DUI. We find that the prosecutor's remarks did not substantially prejudice appellant or undermine the fairness of the trial. See Keenan at 405; Tumbleson at 700. The second assignment of error is overruled.
YOUNG, P.J., and WALSH, J., concur.
JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Clermont County Municipal Court for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
 _____________________________________ William W. Young, Presiding Judge
James E. Walsh, Judge, Anthony Valen, Judge