[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Charles Robinson appeals from his convictions for one count of trafficking in cocaine in the vicinity of a juvenile, in violation of R.C. 2925.03(A), a fourth-degree felony, and one count of corrupting another with drugs, in violation of R.C. 2925.02(A)(4), a second-degree felony, following a jury trial in the Hamilton County Court of Common Pleas. Robinson was sentenced to concurrent periods of incarceration of one year and eight years, respectively. On appeal, Robinson raises five assignments of error.
At trial, Specialist Brian Ibold testified that while he and another Cincinnati Police officer were acting undercover as a passenger and a cab driver, a drug sale was conducted with Robinson. Robinson asked Ibold what he needed. When Ibold asked for drugs, Robinson then summoned his fifteen-year-old son to approach the cab, telling him, "Give this man a 20." The fifteen-year-old son handed the drugs to Ibold after removing them from his mouth. Ibold testified that he gave the money for the drugs to Robinson.
In his first assignment of error, Robinson complains that the trial court erred when it permitted a police officer who was designated as a representative of the state to sit with counsel for the state after the court had ordered a separation of witnesses. We have previously held that, in a criminal prosecution, the prosecuting attorney has an absolute right to designate a representative of the state who is not subject to separation, and that such representative may be a person who also testifies. See State v. Fuller (Sept. 26, 1997), Hamilton App. No. C-960753, unreported, affirmed on other grounds (1998), 83 Ohio St.3d 108,698 N.E.2d 977. Therefore, this assignment is overruled.
In his second assignment of error, Robinson complains that the trial court erred when it permitted the prosecutor to deliver a closing argument so prejudicial as to deprive him of his due process right to a fair trial. The linchpin of prosecutorial-misconduct analysis is "whether the conduct complained of deprived the defendant of a fair trial." State v. Fears (1999), 86 Ohio St.3d 329, 332, 715 N.E.2d 136,143, citing State v. Apanovitch (1987), 33 Ohio St.3d 19, 24,514 N.E.2d 394, 400. When reviewing a prosecutor's remarks during summation, we are required to examine the closing argument in its entirety. See State v. Moritz (1980), 63 Ohio St.2d 150, 157,407 N.E.2d 1268, 1273. Isolated comments are not to be taken out of context and given their most damaging meaning. See State v. Hill
(1996), 75 Ohio St.3d 195, 204, 661 N.E.2d 1068, 1078. Prosecutors are entitled to wide latitude as to what the evidence has shown and what inferences may be drawn therefrom. See State v. Richey (1992),64 Ohio St.3d 353, 362, 595 N.E.2d 915, 924. It is not improper for the prosecution to comment fairly on the credibility of witnesses based on their in-court testimony. See Hill, supra. Robinson did not object to any of the prosecutor's closing remarks, except for one that concerned the economic explanation for the police department's lack of certain recording equipment that the trial court overruled. Consequently, he has waived any error but plain error. See State v. Slagle (1992),65 Ohio St.3d 597, 604, 605 N.E.2d 916, 924-925; Crim.R. 52(B).
When viewed in isolation, several of the prosecutor's comments, in particular, that concerning the fifteen-year-old son lying on himself and another defense witness giving testimony not worthy of belief, were clearly improper. But, after reviewing the prosecutor's summation in its entirety and considering Robinson's specific claims about it, and given the totality of the evidence before the jury, we are not persuaded that the prosecutor's comments deprived Robinson of a fair trial. The second assignment of error is overruled.
In his third assignment of error, Robinson complains that he was denied the effective assistance of counsel due to counsel's failure to call two witnesses to testify, the failure to object to a complicity jury instruction, the failure to properly argue a Crim.R. 29 motion for acquittal, and the failure to object to the state's improper closing argument. In order to establish ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation and, in addition, that prejudice arose from counsel's performance. See Strickland v. Washington (1984),466 U.S. 668, 686, 104 S.Ct. 2052, 2064; State v. Bradley (1989),42 Ohio St.3d 136, 141-143, 538 N.E.2d 373, 379-381. A claim of ineffective assistance will not lie if counsel's performance was based upon sound trial strategy. See State v. Thompson (1987), 33 Ohio St.3d 1,10-11, 514 N.E.2d 407, 417.
The decision not to call the two witnesses may well have been sound trial strategy by counsel. Further, Robinson has failed to show prejudice from their failure to testify. Second, an individual may be charged in an indictment either as a complicitor or as the principal offender. See State v. Tumbleson (1995), 105 Ohio App.3d 693, 697,664 N.E.2d 1318, 1320-1321, R.C. 2923.03(F). Thus, it is meritless to claim ineffective assistance for counsel's failure to object to a complicity jury instruction, because complicity did not have to be charged in the indictment. Id. Third, we have already held that the failure to argue a Crim.R. 29 motion does not constitute ineffective assistance of counsel. See State v. Carter (June 16, 2000), Hamilton App. No. C-990914, unreported. Fourth, an attorney may reasonably elect not to interrupt opposing counsel's argument. See State v. Keene (1998), 81 Ohio St.3d 646, 668, 693 N.E.2d 246, 264. Fifth, we have already concluded that the state's closing argument in this case was not prejudicially erroneous. Because we are not persuaded that Robinson's trial counsel's performance fell below an objective standard of reasonable representation or that Robinson has demonstrated prejudice from counsel's performance, the third assignment of error is overruled.
In his fourth assignment of error, Robinson complains that the trial court erred when it sentenced him for both offenses. Robinson was convicted of trafficking in drugs, in violation of R.C. 2925.03, which reads in part,
 (A) No person shall knowingly sell or offer to sell a controlled substance.
* * *
 (b) Except as otherwise provided in division (C)(4)(c), (d), (e), (f), or (g) of this section, if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.
Robinson was also convicted of corrupting another with drugs, in violation of R.C. 2925.02, which reads in part,
(A) No person shall knowingly do any of the following:
* * *
(4) By any means, do any of the following:
* * *
 (c) Induce or cause a juvenile who is at least two years the offender's junior to commit a felony drug abuse offense [drug trafficking in the indictment] when the offender knows the age of the juvenile or is reckless in that regard.
Clearly, the statutory elements of the two offenses, when viewed in the abstract, do not correspond to such a degree that the commission of one offense will result in the commission of the other, and so they are not allied offenses of similar import. See State v. Rance (1999),85 Ohio St.3d 362, 710 N.E.2d 699. A sale or an offer to sell in the vicinity of a juvenile is required for committing drug trafficking, whereas actually inducing a juvenile is required for commission of the corrupting offense. In the absence of allied offenses of similar import, the appellant could be convicted of and punished for both offenses. See State v. Stern (Mar. 24, 2000), Hamilton App. No. C-990216, unreported; Rance, supra.
In his fifth assignment of error, Robinson complains the trial court erred when it imposed the maximum sentence for corrupting another with drugs, and that the sentences for both counts were contrary to law. We disagree. A trial court may impose the maximum term of incarceration upon offenders who have committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders, and upon certain repeat violent offenders. See R.C. 2929.14(C). Robinson did receive the maximum eight-year period of incarceration for count two, a second-degree felony. The trial court noted at sentencing that Robinson's record included two incarcerations at a state institution in connection with prior convictions for drug abuse and trafficking, that this was his third time facing prison for drugs, and that this was in addition to one or more minor-misdemeanor drug offenses. These references were sufficient to constitute a finding that Robinson posed the greatest likelihood of committing future crimes. See R.C. 2929.14(C); State v. Delaney (Aug. 20, 1999), Hamilton App. No. C-981017, unreported. The trial court further expressed great concern for Robinson's use of his son in drug trafficking, which it also marked on the worksheet. The trial court made sufficient findings to support the imposition of the maximum sentence given for count two. See State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131. The incarceration period for count one, a fourth-degree felony, was one year, a period clearly permitted by law. Based on the record, we cannot say that the trial court's sentences were not supported by clear and convincing evidence or that they were contrary to law. R.C. 2953.03(G)(1)(a). This fifth assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.