DECISION
{¶ 1} Defendant-appellant, Kelly Lennie Kincer, appeals from his conviction in the Clermont County Court of Common Pleas for interference with custody in violation of R.C. 2919.23(A)(1).
 {¶ 2} On January 18, 2002, appellant, who was 26 at the time, picked up 16-year-old Jillina ("Jill") Jester at her place of employment in Clermont County. Appellant drove Jill to his home in Erlanger, Kentucky and the two spent the night there. Jill's parents became worried when they called her place of employment and were told that she was not scheduled to work that evening. The Jesters eventually called the police the next day when Jill did not return home that evening or the next morning.
 {¶ 3} Jill was scheduled to work later that afternoon and police waited to see if she came to work. Appellant drove into the parking lot with Jill. He was questioned by the police, and later arrested and charged with interference with custody. A jury convicted him of the charge and the trial court sentenced him accordingly.
 {¶ 4} Appellant now appeals his conviction and raises five assignments of error for our review. Because it is dispositive of the case, we begin with appellant's fifth assignment of error.
Assignment of Error No. 5:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ART. I. § 16 OF THE OHIO CONSTITUTION BY ENTERING JUDGMENT OF CONVICTION AFTER A TRIAL AT WHICH PREJUDICIAL INSTANCES OF PROSECUTORIAL MISCONDUCT DEPRIVED APPELLANT OF THE FAIR TRIAL TO WHICH HE IS ENTITLED."
 {¶ 6} In this assignment of error, appellant argues that he was deprived of a fair trial by the prosecutor's misconduct. Specifically, appellant contends that the prosecutor misstated the evidence at trial in opening and closing arguments by making statements that have no evidentiary support in the record.
 {¶ 7} The test for prosecutorial misconduct is whether the remarks made by the prosecution were improper and, if so, whether they prejudicially affected substantial rights of the accused. State v. Smith
(1984), 14 Ohio St.3d 13, 14. "The touchstone of analysis `is the fairness of the trial, not the culpability of the prosecutor.'" Id., quoting Smith v. Phillips (1982), 455 U.S. 209, 219, 102 S.Ct. 940. An appellate court should not deem a trial unfair if, in the context of the entire trial, it appears clear beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper comments. State v. LaMar, 95 Ohio St.3d 181, 2002-Ohio-2128, at ¶121.
 {¶ 8} A prosecutor is afforded wide latitude in opening and closing arguments. State v. Jacks (1989), 63 Ohio App.3d 200, 210. The arguments must be reviewed in their entirety to determine whether the prosecutor's remarks were prejudicial. See State v. Loza, 71 Ohio St.3d 61,79, 1994-Ohio-409. Even if a prosecutor's statements during closing arguments are improper, reversal based upon those statements is warranted only if the statements permeate the entire atmosphere of the trial. Statev. Tumbleson (1995), 105 Ohio App.3d 693, 699.
 {¶ 9} Appellant contends that the prosecutor misstated the evidence regarding a taped statement he made to the police. In opening arguments, the prosecutor stated: "The evidence will show that the Defendant gave this taped statement after this incident to Investigator Mark Penn. A taped statement. You listen to it for yourself. The evidence will clearly show that the Defendant admits that, yes, he knew she was 16 years of age at the time."
 {¶ 10} In fact, the tape does not show, clearly or by implication, that the defendant admitted he knew Jill was 16. At the beginning of the tape, the investigator stated to appellant, "Now, you voluntarily came down here to discuss the case involving a runaway report on a 16-year-old girl named — is it Juliana Jester." Appellant replied, "Jillina Jester." Later, the following discussion took place between appellant and the investigator:
 {¶ 11} "Investigator Penn: We've discussed you being 28 — or is it — yeah, you're 26?
 {¶ 12} "Appellant: 26.
 {¶ 13} "Investigator Penn: And her being 16. We've had that discussion, have we not? You've been told to stay away from her for effective now, have you not?
 {¶ 14} "Appellant: Right."
 {¶ 15} The detective testified that he and appellant "talked openly" for a while about the case and then the taped statement was made. Appellant testified that he did not know Jill was 16 until after he tried to return her to work and was stopped by police. Appellant was informed at that time that Jill was 16, and was aware of that fact when the tape was made, but did not "clearly admit" that he knew she was 16 when the offense occurred.
 {¶ 16} While the jury was instructed that opening arguments were not evidence, this misstatement was crucial because appellant admitted the other elements of the offense. He admitted that he took Jill to his house in Kentucky and that they spent the night there. He stated that he had never met Jill's parents and that he did not ask permission to take her to Kentucky. Thus, the only element of interference with custody appellant did not admit to was knowing Jill's age. See R.C. 2919.23(A)(1).
 {¶ 17} The prosecutor further compounded his error by restating this false view of the evidence in closing. The prosecutor stated: "The evidence is that the Defendant knew that she was only 16. The defendant's confession to Investigator Penn — listen to it yourself. He says, `We went over this. You knew she was 16.' His answer clearly on the tape. `Yes.'"
 {¶ 18} In closing rebuttal argument, the prosecutor made the confusing statement that in appellant's taped statement "his own words admit every element of the crime." He then stated, "every element I should say, except the fact that he knew she was under 18, which we talked about before." While the state argues that this statement "corrected the mistake," we disagree. The statement was hardly a concession that a gross misstatement of the facts had been made. In addition, the prosecutor's statement that "we talked about [this] before" could be interpreted to re fer to the misstatements in opening and/or closing arguments.
 {¶ 19} We find that these misstatements by the prosecutor are the type of errors which "have a pervasive effect on the inferences to be drawn from the evidence, altering the evidentiary picture." Stricklandv. Washington (1984), 466 U.S. 668, 695-96, 104 S.Ct. 2052. Moreover, the pervasive effect of the error was compounded in this case because the evidence on the one element of the crime at issue, appellant's belief as to Jill's age, was not strongly supported by the record.[1] Taking due notice of the prejudice of the prosecutor's errors on this evidence, we cannot say that it appears clear beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper comments. Accordingly, appellant's fifth assignment of error is sustained.
 {¶ 20} Because we find that appellant's conviction must be reversed and the case must be remanded for a new trial, appellant's remaining assignments of error are rendered moot.
 {¶ 21} Judgment reversed and remanded to the trial court for further proceedings according to law and consistent with this opinion.
VALEN, P.J., YOUNG and WALSH, JJ., concur.
[1] While there was testimony that Jill looked young and that appellant met her through a 14-year-old girl, there was also evidence that Jill told appellant and his mother that she was 18, that she did not attend school, and that she worked second shift at a nursing home where she wore a uniform giving the appearance that she was employed in some type of nursing capacity.