{¶ 32} I respectively dissent from the conclusion of my colleagues that the trial court committed plain error by instructing the jury on complicity. As such, I would affirm the trial court's decision.
 {¶ 33} It is well-settled that "the prosecution may charge and try an aider and abettor as a principal and if the evidence at trial reasonably indicates that the defendant was an aider and abettor rather than a principal offender, a jury instruction regarding complicity may be given." State v. Tumbleson (1995), 105 Ohio App.3d 693, 697. See, also,State v. Gonzales, 1st Dist. No. C-010757, 2002-Ohio-4937, at ¶ 51. Therefore, in order for a complicity instruction to be warranted, the facts presented at trial must reasonably support a finding that appellant supported, assisted, encouraged, cooperated with, advised or incited the principal in the commission of the crime and that she shared the criminal intent with the principal. State v. Johnson (2001), 93 Ohio St.3d 240,245-246.
 {¶ 34} Appellant's actions prior to, during, and after the commission of the offense reasonably support a finding that appellant was an aider or abettor. The day that the offense occurred, Cornell asked appellant to drive him to Circuit City so he could buy some Play Station games. (Tr. 105-106). She complied with this request. However, at that time Cornell lived with appellant and had no money due to a drug problem. (Tr. 105-106, 111). Cornell testified that appellant knew that he had a drug problem. (Tr. 105-106, 111). Furthermore, testimony indicated that while the offense was being committed appellant was waiting in the first parking spot with the engine running. (Tr. 114, 118, 121). After the theft offense was committed, Cornell jumped into the Jeep and instructed appellant to get him out of there because he just stole something. (Tr. 99). Brown, an eyewitness, testified that as soon as Cornell jumped in the Jeep, appellant "yanked [the Jeep] in gear and took off spinning out of there." However, appellant was unable to go forward since Brown had blocked her path with his vehicle. (Tr. 76). Brown stated that appellant then threw the Jeep in reverse and took off backwards. (Tr. 76). In the process of doing this, she almost ran over the manager of the store who was trying to stop Cornell and appellant from leaving. (Tr. 68, 114).
 {¶ 35} This evidence was enough from which the jury could conclude that appellant acted with the purpose to deprive Circuit City of the game systems. Appellant was not "merely associated" with Cornell. Her presence at the scene, coupled with her conduct both before and after the theft was committed, was enough to merit the jury instruction on complicity.
 {¶ 36} Since the above testimony could reasonably be found to have proven appellant guilty as an aider and abettor, a jury instruction on complicity was proper. State v. Perryman (1976), 49 Ohio St.2d 14, paragraph five of the syllabus. Thus, the trial court did not commit plain error when it gave a complicity instruction. Consequently, I would find that the first assignment of error lacks merit.
 {¶ 37} Having found no merit with the first assignment of error, I will now address the second assignment of error. The second assignment error asserts that the conviction for complicity to commit theft was against the manifest weight of the evidence.
 {¶ 38} In determining whether a verdict is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" Id. (Emphasis sic.) In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution but may consider and weigh all of the evidence produced at trial. Id. at 390. However, determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the trier of the facts. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 39} While there is testimony from Cornell that indicates that appellant did not know he was going to steal anything from Circuit City, it was up to the jury whether to believe all, some or none of his testimony. State v. Lewis, 7th Dist. No. 01CA59, 2002-Ohio-5025. Furthermore, even though Cornell's testimony about being parked in the third parking spot with the engine off conflicted with other testimony which indicated that the Jeep was parked in the first parking spot with the engine running, it was up to the jury to make a determination about which conflicting testimony to accept as true. DeHass, 10 Ohio St.2d 230, paragraph one of the syllabus. Therefore, it cannot be stated that the jury clearly lost its was in finding appellant guilty of complicity to commit theft. Thus, appellant's second assignment of error also lacks merit.
 {¶ 40} For the reasons stated above, I would affirm the trial court's decision.