**George WEAVER, Petitioner–Appellant,**

v.

**Margaret BAGLEY, Warden, Respondent–Appellee.**

No. 02–3285.

United States Court of Appeals, Sixth Circuit.

March 24, 2004.

Before: BATCHELDER, GIBBONS, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.

George Weaver was convicted of aggravated murder, aggravated robbery, and grand theft in connection with the murder of Terrell Lynn and was sentenced to 34 years to life imprisonment. Weaver filed a petition for writ of habeas corpus alleging several defects in his trial. The magistrate judge recommended the issuance of a writ for Weaver's ineffective assistance of trial counsel claim based on the failure of Weaver's counsel to introduce two statements, which allegedly tended to lessen Weaver's criminal culpability. The district court declined to issue a writ but granted a certificate of appealability as to three issues: (1) the ineffective assistance of trial counsel claim, (2) an ineffective assistance of appellate counsel claim stemming from the failure of Weaver's appellate counsel to appeal the trial court's failure to give a curative instruction after a witness refused to testify on Fifth Amendment grounds, and (3) a claim based on the trial judge's curtailment of defense counsel's closing argument.

Having studied the record on appeal and the briefs of the parties, we conclude that the judgment of the district court should be AFFIRMED upon the reasoning set out in parts IV.B. D. and E of the district court's memorandum and order, dated February 8, 2002.

In its treatment of the ineffective assistance of the trial counsel claim, the district court relied on the reasonableness of the Ohio Court of Appeals regarding the two statements that Weaver claims should have been introduced at trial. While the

omitted statements may have undermined the theory that Weaver was the "trigger-man" in this case, the Ohio Court of Appeals reasonably concluded that in any event "a rational jury could have found [Weaver] guilty beyond reasonable doubt as an aider and abettor, regardless of whether [Weaver] was present and regardless of whether [Roderick] Parks was actually the triggerman." *Ohio v. Weaver*, No. 97–L–209, 1998 WL 964594, at *6 (Ohio Ct.App. Dec 18, 1998) (emphasis omitted). We note that the district court's reliance on the state court's reasoning in this regard is supported by the fact that, in Ohio, a defendant who is charged as a principal can be convicted as an aider and abettor. *See* OHIO REV.CODE § 2923.03; *Ohio v. Tumbleson*, 105 Ohio App.3d 693, 664 N.E.2d 1318, 1320–21 (Ohio Ct.App.1995).