[Cite as *State v. McCrary*, 2016-Ohio-4842.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                         :

    Plaintiff-Appellee,            :    Case No.   15CA3505

    vs.                            :

JASON A. MCCRARY,                      :    <u>DECISION AND JUDGMENT ENTRY</u>

    Defendant-Appellant.           :

_____

<u>APPEARANCES:</u>

Chase B. Bunstine, Chillicothe, Ohio, for appellant.[1]

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney,   Chillicothe, Ohio, for appellee.

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 6-29-16
ABELE, J.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence.   A jury found Jason A. McCrary, defendant below and appellant herein, guilty of the failure to register a change of address in violation of R.C. 2950.05.   Appellant assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "APPELLANT'S FIFTH, EIGHTH, AND FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS RIGHTS WERE VIOLATED AS HE DID NOT CONSENT TO THE

---

[1] Different counsel represented appellant during the trial court proceedings.

STIPULATION OF THE PROSECUTOR AND DEFENSE
COUNSEL."
SECOND ASSIGNMENT OF ERROR:

"APPELLANT'S CONSTITUTIONAL RIGHT TO A FAIR
TRIAL WAS VIOLATED DUE TO PROSECUTOR
MISCONDUCT."

THIRD ASSIGNMENT OF ERROR:

"APPELLANT WAS SUBJECTED TO INEFFECTIVE
ASSISTANCE OF COUNSEL DUE TO THE DEFENSE
COUNSEL'S (1) STIPULATION TO AN ESSENTIAL
ELEMENT OF THE CHARGED OFFENSE WITHOUT
APPELLANT'S CONSENT AND/OR (2) FAILURE TO MOVE
FOR A MISTRIAL AFTER THE PROSECUTOR'S
MISCONDUCT."

{¶ 2}  In November 2005, appellant was convicted of unlawful sexual conduct with a minor.  This is a sexually oriented offense that requires, among other things, that he register a change of address more than twenty days prior to moving.  Appellant's last known registered address was the home of his uncle at 214 Church Street "Roxabel, Frankfort, Ohio."  A subsequent investigation revealed that appellant, in fact, resided at 1156 Massieville Road in Chillicothe.

{¶ 3}  On June 19, 2015, the Ross County Grand Jury returned an indictment that charged appellant with the failure to register a change of address.  At the jury trial, Marvin Woodfork, appellant's uncle, testified that his nephew did not live with him at his Church Street home.  Michael Stitt, who previously oversaw the Ross County Sheriff's sex offender registry, testified that in 2014 appellant registered as living at 214 Church Street.  The witness testified that appellant made no further change of address while he worked at that position.  Andrew Duncan, who took over for Stitt, testified that once he took over registry, appellant registered no

further change of address. Ross County Sheriff's Detective John Winfield testified that he found a letter addressed to appellant at the Massieville Road address, and that a room in that house contained appellant's clothing.

{¶ 4} After hearing the evidence, the jury returned a guilty verdict. The trial court sentenced appellant to serve thirty six months in prison. This appeal followed.

I

{¶ 5} Appellant's first assignment of error is directed toward his trial counsel's various stipulations with the State. Those stipulations included that appellant (1) had previously been convicted of unlawful sexual conduct with a minor which "was the basis of the registration and change of address notification requirements," and (2) had previously been convicted of a failure to register a change of address. Appellant argues that the stipulations were made without his consent and, thus, deprived him of various rights under the United States Constitution.

Our Second District colleagues have opined that the "better practice" is for trial courts to inquire of a defendant whether counsel is permitted to make stipulations that go to important issues in the case. "However, failure to do that is not fatal . . ." (Emphasis added.) *State v. Carr*, 2nd Dist. Montgomery, No. 23826, 2010-Ohio-6470, at ¶13. Moreover, in *State v. Rutter*, 4th Dist. Hocking No. 02CA17, 2003-Ohio-373 at ¶34, we note that "it [was] improbable that trial counsel would have stipulated [to something] without appellant's knowledge and consent." (Emphasis added.) Appellant cites nothing in the record to suggest that counsel's stipulation was made over his objection. Thus, we find no merit to his argument.

{¶ 6} Appellant analogizes the failure to obtain his explicit verbal consent to the stipulations with the failure to obtain a written waiver of a jury trial. He cites *Singer v. United*

*States*, 380 U.S. 24, 34, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965) for the proposition that the fact-finding province of the jury must be "jealously" guarded.[2] We agree, as an abstract principle of law, that the right to jury trial should be guarded at all costs. However, that is not the issue here. Appellant was afforded a jury trial. Nothing in the record suggests that the State could not have introduced evidence to prove both stipulations. Rather, stipulations simply preserve judicial resources and shortened the time of trial. Also, no evidence exists that appellant was materially prejudiced by counsel's actions. The stipulation that he is a "sexual oriented offender" is repetitive of testimony from several witnesses. Moreover, we find no indication that the stipulated evidence is factually untrue.

{¶ 7} Accordingly, for these reasons, we hereby overrule appellant's first assignment of error.

## II

{¶ 8} In his second assignment of error, appellant asserts that his conviction should be reversed because he was the victim of prosecutorial misconduct. During opening statement, the assistant prosecutor told the jury that appellant's girlfriend, Nicole Perkins, and her son, Myra, lived at the Massieville Road address and informed investigating officers that appellant had lived there for several months. Later, after appellant's uncle testified, the assistant prosecutor called both Nicole and Myra as witnesses. Despite having been subpoenaed, neither witness was present at trial. The assistant prosecutor, apparently aware they were not preset, called them anyway. This led to the following dialogue at a bench conference:

---

[2] Appellant's citation is not so much to *Singer* as it is to a quote the *Singer* court borrowed from *Patton v. United States*, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1965).

"THE COURT:       I assume it was your intent to make sure the jury heard all of that as loud as you could do that, is that correct? Why did you just do it . . . first of all at the beginning of the trial is when we typically always handle this. You purposely stood that the back podium and in a very loud voice both of those . . . why?

[THE STATE]:       Your honor, it was –

THE COURT:       Are you trying to influence the jury?

[THE STATE]:       No, it was my understanding that in order for a warrant to be issued for them they had to be called on the record –

THE COURT:       You need to tell me this before hand.

[THE STATE]:       Okay, I apologize –

*                    *                    *

THE COURT:       That was done as a grandstand act. Alright, what witness do you have that you can call and don't do anymore of call a phantom person that's not here, call a person that's here and can testify."

{¶ 10} Later, it was revealed that although both mother and son had been served a subpoena, they informed the detective that they would not testify. Appellant argues that in referencing their comments to investigators, and by calling them to the stand, the assistant prosecutor is guilty of misconduct.

{¶ 11} The test for prosecutorial misconduct is whether the conduct is improper and, if so, whether the accused's rights are materially prejudiced. See *State v. Purdin*, 4th Dist. Adams No. 12CA944, 2013–Ohio–22, at ¶31; *State v. Leonard*, 4th Dist. Athens No. 08CA24, 2009–Ohio–6191, ¶36. The conduct of a prosecuting attorney during trial cannot be grounds for error unless the conduct deprives the defendant of a fair trial. *State v. Gest*, 108 Ohio App.3d

248, 257, 670 N.E.2d 536 (8th Dist.1995); *State v. Givens*, 4th Dist. Washington No. 07CA19, 2008–Ohio–1202, ¶28. Prosecutorial misconduct constitutes reversible error only in rare instances. *State v. Marcum*, 4th Dist. Gallia No. 12CA6, 2013-Ohio- 5333, at ¶31; *State v. Edgington*, 4th Dist. Ross No. 05CA2866, 2006–Ohio–3712, ¶18. To begin, we are not convinced the assistant prosecutor's actions constitute misconduct. He appeared to have a good faith reason to call the witnesses (to get an arrest warrant for failure to appear) and, although the trial court was suspicious that the State was attempting to influence the jury, the judge appeared to be upset that the assistant prosecutor violated the court-room protocol. Generally, trial court judges enjoy broad discretion to regulate the activities that transpire in their court-rooms. See *State v. Miller*, 2nd Dist. Montgomery No. 15552, 1997 WL 674673 (Oct. 31, 1997).

{¶ 12} After our review of the record, we are not convinced that this single incident deprived appellant of a fair trial. Appellant cites no other arguable instances of misconduct, except those that involve Nicole and Myra Perkins. The State presented evidence, both from appellant's uncle and from Ross County Sheriff's deputies, that he did not live at the address where he was registered. We further note that despite being given an opportunity to comment on what had occurred concerning Nicole and Myra Perkins, the defense declined to do so and did not object. In the case sub judice, we may reverse the appellant's conviction only if the alleged misconduct rose to the level of plain error. Prosecutorial misconduct rises to the level of plain error if it is clear a defendant would not have been convicted in the absence of the improper comments. *State v. Conley*, 4th Dist. Pike No. 08CA784, 2009-Ohio-1848, at ¶27; *State v. Olvera-Guillen*, 12th Dist. Butler No. CA2007- 05-118, 2008-Ohio-5416, at ¶36; *State v. Rodgers*, 11th Dist. Trumbull No.2007-T-3, 2008-Ohio-2757, at ¶44. Here, in view of Marvin

Woodfork's testimony (that his nephew did not live with him at the address where he registered), as well as investigating Ross County Sheriff's deputies (that appellant was living at the Massieville Road address without filing a change of address), we cannot conclude that appellant would not have been convicted but for these alleged instances of prosecutorial misconduct.

{¶ 13} Accordingly, we hereby overrule appellant's second assignment of error.

III

{¶ 14} In his third assignment of error, appellant asserts that he received ineffective assistance of counsel during the trial court proceedings. In particular, appellant asserts that trial counsel was ineffective because he (1) stipulated to an essential element of the charged offense, and (2) failed to move for mistrial after the alleged instance of prosecutorial misconduct.

{¶ 15} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution provides that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has interpreted this provision to mean that a criminal defendant is entitled to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McMann v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); also see *State v. Creech*, 188 Ohio App.3d 513, 2010-Ohio-2553, 936 N.E.2d 79, ¶ 39 (4th Dist.). Failure to provide such assistance is a failure to comply with the state and federal constitutional safe-guards.

{¶ 16} To establish constitutionally ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland*, 466 U.S. at 687; *State v. Powell*, 132 Ohio St.3d 233, 2012–Ohio–2577, 971 N.E.2d 865, ¶85. To show deficient

performance, a defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, a defendant must show a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. *State v. Conway*, 109 Ohio St.3d 412, 2006–Ohio–2815, 848 N.E.2d 810, ¶95 (citations omitted); accord *State v. Wesson*, 137 Ohio St.3d 309, 2013–Ohio–4575, 999 N.E.2d 557, ¶81. Failure to establish either element of this test is fatal to the claim. *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008–Ohio–968, ¶14. Additionally, if one element is dispositive, a court need not analyze both. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

{¶ 17} We have already ruled regarding appellant's first assignment of error that counsel's stipulation that appellant had previously been convicted of unlawful sexual conduct with a minor was not improper. No doubt exists that the State could have produced the evidence to establish these facts. Moreover, even if the stipulation was indicative of ineffective assistance, that stipulation was simply duplicative of other witness testimony. Thus, we fail to see how the outcome of the proceedings would have been different.

{¶ 18} With regard to what happened concerning the Perkins family, we point out that the trial court declined to grant a continuance for the State so that the witnesses could be apprehended and brought to court. Defense counsel may not have requested a mistrial thinking that appellant stood a better chance with the evidence as it was, rather than allowing additional time to bring Perkins into court to give testimony. Generally, reviewing courts will not question legitimate trial tactics. See e.g. *State v. Legg*, 4th Dist. Pickaway No. 14CA23, 2016-Ohio-801, at ¶64; *State v. Trainer*, 4th Dist. Pickaway No. 14CA21, 2015-Ohio-2548, at ¶9; *State v. Jazdzewski*, 4th Dist. Washington No. 14CA15, 2015-Ohio- 2416, at ¶48.

{¶ 19} For these reasons, we hereby overrule appellant's third assignment of error and hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee to recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## **NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.